# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: HEALTHCARE REAL ESTATE PARTNERS, *et al.*, | : : | Chapter 7 |
| Debtors. | : : : : : | Case No. 15-11931 (CTG)<br>Adv. Pro. No. 16-50981 (CTG)<br>(Bankr. D. Del.) |

_____

| | | |
|---|---|---|
| | : : | |
| SUMMIT HEALTHCARE REIT, INC, *et al.*, | : : | |
| Appellants | : : | Civ. No. 23-585 (TLA) |
| v. | : : | |
| HEALTHCARE REAL ESTATE PARTNERS, *et al.*, | : : : | |
| Appellees. | : : | |

_____

## **OPINION AND ORDER**

This case presents a cross-appeal of a final judgment of the Bankruptcy Court entered May 2, 2024 (Adv. Pro. DI 243), and an appeal of an order entered that same day (Main Case DI 279).

This Court has jurisdiction over the final judgments and orders of a bankruptcy court. 28 U.S.C. § 158(a)(1). A bankruptcy court's factual findings are reviewed for clear error and its legal conclusions reviewed de novo. *In re Nortel Networks Inc.*, 737 F.3d 265, 270 n.1 (3d Cir. 2013).

Upon review, this Court identifies no reason to disturb the Bankruptcy Court's findings of fact and conclusions of law.[1] Accordingly, for the reasons stated in the comprehensive, careful, and well-reasoned opinions of the Bankruptcy Court:

**IT IS ORDERED** that the judgment and order of the Bankruptcy Court are summarily **AFFIRMED.**

The Clerk of Court is directed to close this case and all consolidated cases.

**Wilmington, Delaware, this 22nd day of August, 2025.**

/s/ Thomas L. Ambro
**United States Circuit Judge**

---

[1] Appellants urge this Court to, in effect, flout the Third Circuit's precedent in *In re Atlantic Business and Community Development Corporation*, 901 F.2d 325 (3d Cir. 1990), and hold that corporate entities are not "individuals" under 11 U.S.C. § 362(k). *See, e.g.*, DI 14 at 22–23. While the Court acknowledges *Atlantic Business* now stands for the minority view of the meaning of § 362(k), neither it nor a panel of the Third Circuit may overturn that precedent. "En banc consideration is the only means by which [the Third Circuit] can overrule [its] existing precedential authority, and even then the full Court does not overturn [its] precedents lightly." *United States v. Harris*, 68 F.4th 140, 146 (3d Cir. 2023) (en banc) (cleaned up).